Nos. 25-1611, 25-1612

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

AMERICAN PUBLIC HEALTH ASSOCIATION; IBIS REPRODUCTIVE HEALTH; INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS (UAW); BRITTANY CHARLTON; KATIE EDWARDS; PETER LURIE; NICOLE MAPHIS,

*Plaintiffs-Appellees*,

v.

NATIONAL INSTITUTES OF HEALTH; JAY BHATTACHARYA, in his official capacity as Director of the National Institutes of Health; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services,

*Defendants-Appellants*.

(Caption continued on inside cover)

Appeals from the U.S. District Court for the District of Massachusetts

## APHA PLAINTIFFS' ASSENTED-TO MOTION TO SEAL PORTIONS OF SUPPLEMENTAL RECORD

JESSIE J. ROSSMAN
SUZANNE SCHLOSSBERG
JENNIFER M. HERRMANN
*American Civil Liberties Union Foundation of Massachusetts, Inc.*
One Center Plaza, Suite 850
Boston, MA 02018
617-482-3170

*Counsel for APHA Plaintiffs*
*Additional counsel listed at pages 8-9*

(No. 25-1612)

COMMONWEALTH OF MASSACHUSETTS; STATE OF CALIFORNIA; STATE OF MARYLAND; STATE OF WASHINGTON; STATE OF ARIZONA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF HAWAI'I; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF WISCONSIN,

*Plaintiffs-Appellees,*

v.

ROBERT F. KENNEDY, JR., in his official capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; JAY BHATTACHARYA, in his official capacity as Director of the National Institutes of Health; NATIONAL INSTITUTES OF HEALTH; NATIONAL CANCER INSTITUTE; NATIONAL EYE INSTITUTE; NATIONAL HEART, LUNG, AND BLOOD INSTITUTE; NATIONAL HUMAN GENOME RESEARCH INSTITUTE; NATIONAL INSTITUTE ON AGING; NATIONAL INSTITUTE ON ALCOHOL ABUSE AND ALCOHOLISM; NATIONAL INSTITUTE OF ALLERGY AND INFECTIOUS DISEASES; NATIONAL INSTITUTE OF ARTHRITIS AND MUSCULOSKELETAL AND SKIN DISEASES; NATIONAL INSTITUTE OF BIOMEDICAL IMAGING AND BIOENGINEERING; EUNICE KENNEDY SHRIVER NATIONAL INSTITUTE OF CHILD HEALTH AND HUMAN DEVELOPMENT; NATIONAL INSTITUTE ON DEAFNESS AND OTHER COMMUNICATION DISORDERS; NATIONAL INSTITUTE OF DENTAL AND CRANIOFACIAL RESEARCH; NATIONAL INSTITUTE OF DIABETES AND DIGESTIVE AND KIDNEY DISEASES; NATIONAL INSTITUTE ON DRUG ABUSE; NATIONAL INSTITUTE OF ENVIRONMENTAL HEALTH SCIENCES; NATIONAL INSTITUTE OF GENERAL MEDICAL SCIENCES; NATIONAL INSTITUTE OF MENTAL HEALTH; NATIONAL INSTITUTE ON MINORITY HEALTH AND HEALTH DISPARITIES; NATIONAL INSTITUTE OF NEUROLOGICAL DISORDERS AND STROKE; NATIONAL INSTITUTE OF NURSING RESEARCH; NATIONAL LIBRARY OF MEDICINE; NATIONAL CENTER FOR ADVANCING TRANSLATIONAL SCIENCES; JOHN E. FOGARTY INTERNATIONAL CENTER FOR ADVANCED STUDY IN THE HEALTH SCIENCES; NATIONAL CENTER FOR COMPLEMENTARY AND INTEGRATIVE HEALTH; NIH CENTER FOR SCIENTIFIC REVIEW,

*Defendants-Appellants.*

Plaintiffs in appeal No. 25-1611 ("APHA Plaintiffs") and appeal No. 25-1612 ("State Plaintiffs") (together, "Plaintiffs"), have moved to supplement the appellate record in this consolidated appeal with two documents that Defendants submitted to the District Court and served on APHA Plaintiffs: (1) Defendants' Phase 2 Certification dated August 19, 2025 ("Certification"), and (2) the spreadsheet attached to the Phase 2 Certification ("Spreadsheet"). *See* Plaintiffs' Motion to Supplement the Record, filed Nov. 12, 2025.

APHA Plaintiffs now move, pursuant to Local Rules 11.0(c), 11.0(d)(1), and 30.0(g), to seal portions of the Spreadsheet to protect the privacy interests of nonparty members of Plaintiffs APHA and UAW.[1] Both State Plaintiffs and the Defendants assent to the relief requested in this motion.

## LEGAL STANDARD

The right of public access to certain documents filed in civil litigation is "qualified" and the common-law right of access to judicial records "is not absolute." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978)) (further citation omitted); *see also Siedle v. Putnam Investments, Inc.*, 147 F.3d 7, 10 (1st Cir. 1998) ("Though the public's right of access to such materials is vibrant, it is not unfettered."). Because

---

[1] An unredacted copy of the Spreadsheet will be filed by hand concurrently with this Motion.

"[i]mportant countervailing interests can, in given instances, overwhelm the usual presumption and defeat access," a "court must carefully balance the competing interests that are at stake in the particular case." *Siedle*, 147 F.3d at 10; *see also FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410-411 (1st Cir. 1987).

Courts have frequently recognized the heightened degree of privacy afforded to nonparties. *See Mass. Inst. of Tech.*, 46 F.4th at 71 (1st Cir. 2022) (citing *Doe v. Trs. of Dartmouth Coll.*, No. 18-040, 2018 WL 2048385, at *6 (D.N.H. May 2, 2018) (explaining that nonparty "has a stronger case for anonymity" than party)); *Cusumano v. Microsoft Corp.*, 162 F.2d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs"); *Nwagbaraocha v. Dartmouth-Hitchcock Med. Ctr.*, No. 18-CV-304, 2019 WL 13328427, at *2 (D.N.H. Sept. 16, 2019) (citing *Robinson v. Bowser*, No. 1:12CV301, 2013 WL 3791770, at *3-4 (M.D.N.C. July 19, 2013) (collecting cases recognizing compelling nature of privacy interest of nonparties)).

## ARGUMENT

APHA Plaintiffs seek leave to file two columns of the Spreadsheet under seal: the "Project Number" and the "Grant Title" of applications at issue in Phase 2 of this case. Members of Plaintiffs APHA and UAW ("Members") whose work was to be supported by applications listed in the Spreadsheet have a reasonable fear of

retaliation, reputational damage, harassment and threats that could result from their identities—and their support of the challenge at issue in this suit—being revealed publicly. Their privacy interests outweigh the marginal public interest in identifying these specific grant applications.

Information about applications related to Members' research, including project number and grant title, was collected by APHA Plaintiffs and produced to Defendants as part of the process of producing an administrative record for Phase 2 of the litigation in the District Court. *See* Notice of Production at 1, D. Mass. No. 25-cv-10787 (ECF No. 170) ("Pursuant to the joint stipulation entered into between the parties . . . [D]efendants have produced a spreadsheet containing explanations for the status of various grant applications included on the list that Plaintiffs provided to Defendants."). Plaintiffs seek to seal two columns on Tab 1 of the Spreadsheet, containing the project numbers and grant titles for applications related to Members' research.

The sealing of these two columns in the Spreadsheet is warranted in order to protect Members' interests in privacy and to protect them from potential retaliation, reputational damage, harassment and threats that could result from their identities as individuals who provided information to help challenge the administration's unlawful actions from being revealed publicly. It is well recognized that "privacy rights of participants and third parties are among those interests which, in

appropriate cases, can limit the presumptive right of access to judicial records." *Standard Fin. Mgmt. Corp.*, 830 F.2d at 411 (quotation marks omitted). Nonparty privacy interests, in particular, are "a venerable common law exception to the presumption of access" that "weigh heavily in a court's balancing equation." *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (quotation omitted).

Here, information in the two columns—project numbers and grant titles—could easily be used to identify Principal Investigators, Co-Principal Investigators, and other researchers on the listed applications who work in these specialized areas through a simple internet search. In light of the highly publicized nature of this case,[2] Members have a credible fear of doxxing, harassment, and threats from potential identification of their involvement in this lawsuit. Moreover, Members are concerned about the serious risk of reputational harm and retaliation from future employers should their involvement in this suit be disclosed publicly, as employers may be unwilling to employ persons willing to support litigation or who are the

---

[2] *See, e.g.*, Dan Glaun, *'An attack on scientific progress itself': Health researchers sue to overturn NIH funding cuts,'* The Boston Globe, April 2, 2025 (Health researchers, unions sue to overturn NIH funding cuts); Evan Bush, *ACLU sues National Institutes of Health for 'ideological purge' of research projects*, NBC News, April 2, 2025 (https://www.nbcnews.com/health/health-news/aclusues-national-institutes-health-ideological-purge-research-projec-rcna199360); Jen Christensen, *Scholars, groups sue Trump administration over canceled NIH research funding*, CNN, April 2, 2025 (Scholars, groups sue Trump administration over canceled NIH research funding | CNN).

subjects of public condemnation for association with APHA or UAW and support of the litigation.

Additionally, information about the outcomes of grant applications is not generally the kind of information made available to the public. This is especially true for grant applications where Defendants have asserted that the application was denied for reasons *other* than the Challenged Directives. This information is not relevant to the legal issues on appeal and association with denied applications may cause additional harm for researchers, especially early in their careers.

By contrast, the public does not have a strong countervailing interest in learning or being able to discern Members' identities or the status of specific grant applications. Indeed, Members are *not* parties to the litigation. *See In re Boston Herald*, 321 F.3d 174, 191 (1st Cir. 2003) ("the invasiveness of the disclosure sought here is further intensified" where information sought to be disclosed pertains to nonparties). In balancing the considerations of privacy with the public's right of access, disclosure of information that would risk identifying Members as people who associate with APHA and UAW, and who submitted information to support the challenge to the administration's unlawful delay, denial, or withdrawal of grant applications would add little value to the public discourse. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll. (Harvard Corp.)*, No. 14-CV-14176-ADB, 2023 WL 3126414, at *6 n. 4 (D. Mass. Apr. 27, 2023) (member

information for organizational plaintiff "[a]t root […] involves the rights of third parties – an interest that outweighs any right of access") (citing *Kravetz*, 706 F.3d at 62).

Thus, Members' privacy and reputational interests are sufficiently compelling to overcome the presumptive right of access to certain information in the Phase 2 Spreadsheet.

## CONCLUSION

For the reasons herein, APHA Plaintiffs respectfully request that the Court grant their Motion to Seal Portions of the Supplemental Record.

Date: November 13, 2025

Respectfully submitted,

Shalini Goel Agarwal**
Emily Gilman (No. 1218805)
  PROTECT DEMOCRACY PROJECT
2020 Pennsylvania Ave., NW,
Ste. 163
Washington, DC 20006
202-579-4582
shalini.agarwal@protectdemocracy.org
emily.gilman@protectdemocracy.org

Michel-Ange Desruisseaux
(No. 1218422)
  PROTECT DEMOCRACY PROJECT
82 Nassau Street, #601
New York, NY 10038
202-579-4582
michel-ange.
desruisseaux@protectdemocracy.org

/s/ *Jessie J. Rossman*
Jessie J. Rossman (No. 1161236)
Suzanne Schlossberg (No. 1217988)
Jennifer M. Herrmann (No. 1201755)
  AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02018
617-482-3170
jrossman@aclum.org
sschlossberg@aclum.org
jherrmann@aclum.org

Olga Akselrod (No. 1218423)
Rachel Meeropol (No. 115840)
Alexis Agathocleous (No. 1158452)
Alejandro Ortiz (No. 1190415)
  AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION
125 Broad Street, 18th Floor

Kenneth Parreno (No. 1218416)
  PROTECT DEMOCRACY PROJECT
15 Main Street, Suite 312
Watertown, MA 02472
202-579-4582
kenneth.parreno@protectdemocracy.org

Matthew D. Brinckerhoff (No. 1218417)
Ilann M. Maazel (No. 1218419)
Max Selver (No. 1218421)
Sydney Zazzaro (No. 1218425)
  EMERY CELLI BRINCKERHOFF ABADY
  WARD & MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000
mbrinckerhoff@ecbawm.com
imaazel@ecbawm.com
mselver@ecbawm.com
szazzaro@ecbawm.com

New York, NY 10004
212-549-2659
oakselrod@aclu.org
aagathocleous@aclu.org
rmeeropol@aclu.org
ortiza@aclu.org

Lisa S. Mankofsky (No. 1218420)
Oscar Heanue**
  CENTER FOR SCIENCE IN THE PUBLIC
  INTEREST
1250 I St., NW, Suite 500
Washington, DC 20005
202-777-8381
lmankofsky@cspinet.org
oheanue@cspinet.org

*\* Admission forthcoming*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1215 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Times New Roman, 14-point font, a proportionally spaced typeface.

Dated: November 13, 2025                    /s/ *Jessie J. Rossman*
                                            Jessie J. Rossman

## CERTIFICATE OF SERVICE

I certify that on November 13, 2025, pursuant to Local Rule 25.0(b)(1), the foregoing motion was submitted in paper to the First Circuit Clerk's Office and sent by email to all parties by counsel for APHA Plaintiffs.

Dated: November 13, 2025

/s/ *Jessie J. Rossman*
Jessie J. Rossman